OPINION
{¶ 1} On September 21, 2004, appellee, the Fairfield County Job Family Services, filed a complaint for the temporary custody of Memphis Francisco born June 29, 2001 and Jade Francisco born October 29, 2003, claiming Memphis to be an abused and dependent child and Jade to be neglected and dependent. Father of the children is appellant, Ryan Francisco; mother is Sara Lutz.
 {¶ 2} On October 28, 2004, the children were found to be dependent and were placed in appellee's temporary custody.
 {¶ 3} On January 3, 2006, appellee filed a complaint for permanent custody. A hearing was held on April 27, 2006. By judgment entry filed June 5, 2006, the trial court granted permanent custody of the children to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO FAIRFIELD COUNTY CHILDREN'S SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST AND THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME."
 II {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO FAIRFIELD COUNTY CHILDREN'S SERVICES AGENCY WHEREIN THE AGENCY FAILED TO MAKE A GOOD FAITH EFFORT TO IMPLEMENT THE FATHER'S REUNIFICATION AND CASE PLAN."
 I, II {¶ 7} Appellant claims the trial court erred in finding clear and convincing evidence that an award of permanent custody to appellee was in the best interests of the children and the children cannot be placed with either parent within a reasonable time, and appellee failed to make a good faith effort to reunify appellant with his children.
 {¶ 8} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 9} R.C. 2151.414 governs procedures upon the filing of a motion for permanent custody. Subsection (D) governs best interests and states the following:
 {¶ 10} "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 11} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 12} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 13} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 14} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 15} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 16} Subsection (E) lists factors the trial court is to consider in making its decision and states in pertinent part:
 {¶ 17} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 18} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 19} "(10) The parent has abandoned the child.
 {¶ 20} "(16) Any other factor the court considers relevant."
 {¶ 21} Appellant-father is the sole parent to appeal the trial court's decision. The children's mother failed to appear for the hearing. The children had been in appellee's temporary custody from the October 28, 2004 finding of dependency to July 21, 2005. From July 21, to October 27, 2005, the children were placed with their mother on visitation status. Per his own statement of facts, appellant was gone until September of 2005 during the visitation placement with the mother. Although the children were returned on visitation status, they were still in appellee's temporary custody.
 {¶ 22} The trial court's June 5, 2006 findings relative to appellant were as follows:
 {¶ 23} "With respect to Ryan Francisco, Fairfield County Childrens Services developed a reasonable case plan which was filed on October 18, 2004. Ryan Francisco had the opportunity to comply with his case plan and work towards reunification, but he chose not to do so. On November 1, 2004, Ryan Francisco informed Fairfield County Childrens Services that he no longer wished to visit his children. He acknowledged that Fairfield County Childrens Services was attempting to work with him, but stated that he was not going to try to get custody. He stated that this was the best thing for him. Ryan Francisco did not contact the Agency again until September 22, 2005. He called the Agency again on September 27, 2005, but then did not make any attempts to contact the Agency until December, 2005.
 {¶ 24} "Ryan Francisco has failed to visit or maintain contact with Memphis Francisco and/or Jade Francisco for more than ninety days. Ryan Francisco has abandoned Memphis Francisco and Jade Francisco. Ryan Francisco has demonstrated a lack of commitment towards Memphis Francisco and/or Jade Francisco by failing to regularly support, visit, or communicate with the children when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the children.
 {¶ 25} "Ryan Francisco had no contact with his children or the Agency from November 1, 2004, to September 22, 2005. Further, Ryan Francisco had no contact with his children or the Agency in October, 2005 and in November, 2005. This information is certainly relevant to the Court."
 {¶ 26} Although appellant sought to re-engage himself with the children on his return in September of 2005, he failed to keep in contact with appellee. T. at 44. At the beginning of the temporary custody, appellant indicated he wanted to give up custody, and showed no interest in the case plan. T. at 22-23. Between November 1, 2004 and September 22, 2005, appellant made no contact with appellee. T. at 24.
 {¶ 27} Appellant's visitation in 2005 was limited to a therapeutic setting. T. at 48. There was no apparent bonding between the children and appellant. T. at 51. Appellant made an appointment for counseling per the case plan in March of 2006; however, he failed to secure independent living arrangements. T. at 53-54. Appellant's work history is unstable and consists of seasonal jobs. T. at 54-55.
 {¶ 28} The guardian ad litem opined appellant's present living conditions were inadequate for the children. T. at 72; Guardian at litem's Report dated April 27, 2006. Even though appellant was told to get independent living, he chose to live with his mother. T. at 53. Because of the prior history of abuse, the social worker, Karla Nelson, opined it was important for appellant to provide a secure permanent home for the children which he was unable to do. T. at 79-80. Appellant has two other children and he "signed over his rights" to them. T. at 83.
 {¶ 29} Appellant testified he left town and essentially left the children with their mother, and admitted he did not want to see the children in 2004. T. at 92, 100. Since his return in September of 2005, appellant has attempted to fulfill the case plan. T. at 96. From November 1, 2004 to September 22, 2005, appellant voluntarily had no contact with the children. T. at 101.
 {¶ 30} Because of appellant's lack of involvement which was tantamount to abandonment, the lack of stable housing and employment and the lack of any paternal bonding, all the social workers and the guardian at litem opined placement with appellant could not be effectuated within a reasonable time.
 {¶ 31} Appellant complains appellee did not use due diligence in attempting to afford him placement. We find the facts belie such a conclusion. In 2004, appellant stated he did not want to be involved in the reunification. When the children's mother was given visitation placement, appellant left town. It was not until the visitation placement failed in September of 2005 that appellant attempted to address the requirements of the case plan. Even that was too little, too late, as evidenced by the lack of any bonding with the children and the failure to obtain steady fulltime employment and a stable home.
 {¶ 32} Upon review, we find ample clear and convincing evidence in the record to support the trial court's decision to grant appellee permanent custody of the children.
 {¶ 33} Assignments of Error I and II are denied.
 {¶ 34} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, is affirmed.